## STATE v. LESTER MORRIS.

(Filed 29 February, 1914.)

**Convicts—Guards—Right to Whip—County Commissioners—Rules and Regulations.**

In the absence of rules and regulations made and promulgated by the county commissioners permitting it, a guard has no legal right or authority to whip convicts in his care or custody. *S. v. Nipper, ante*, 272, cited as controlling.

APPEAL by defendant from *Adams, J.,* at January Term, 1914, of GASTON.

The defendant, a superintendent of one of the chain-gangs in Gaston County, was convicted of whipping a convict.

The whipping, with a leather strap 1¼ inches wide, 16 or 18 inches long, attached to a wooden handle 10 or 12 inches long, was admitted by the defendant, and the evidence for the State showed a serious beating and the use of a stick.

There were no written rules or regulations, and there is no evidence that the commissioners of Gaston County have formulated and adopted any rules or regulations for the discipline of convicts.

His Honor charged the jury that if they believed the evidence the defendant was guilty, and he excepted and appealed from the judgment imposing a fine of $10.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*Mangum & Woltz for defendant.*

PER CURIAM. The decision of this appeal is controlled by *S. v. Nipper, ante,* 272.

There was a difference of opinion among the members of the Court upon some of the questions raised in that case; but all agreed that guards have no right to whip the convicts in the absence of rules and regulations by the county commissioners, and none appear here.

No error.